UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **EUGENE JUNG,** | : |
| Plaintiff, | : |
| | : **Civil Action No.** |
| v. | : _____ |
| **HYUNDAI STEEL AMERICA, INC.,** | : |
| Defendant. | : |

# COMPLAINT

Plaintiff Eugene Jung ("Mr. Jung" or "Plaintiff"), by and through his undersigned counsel, respectfully files his Complaint alleging a discriminatory and retaliatory discharge under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.*, The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et. seq.*, the retaliation provisions of those statutes and the Employee Retirement Income Securities Act, 29 U.S.C. § 1001 *et. seq.*

## JURISDICTION AND VENUE

1.

Mr. Jung is and has been at all times relevant to this matter a citizen of the United States, the State of Georgia and resident of LaGrange, Troup County, Georgia. Mr. Jung was an "employee" of Hyundai Steel within the meaning of 42

U.S.C. § 12111(4) and a "qualified individual" within the meaning of 42 U.S.C. § 12111 (8) and entitled to health insurance coverage under the health insurance plans offered to its employees by Hyundai.

2.

Defendant Hyundai Steel America, Inc. is a Delaware corporation which actively transacts business in Georgia with a principal office address at 6501 Forte Road, West Point, Georgia 31833. Hyundai's Registered Agent is Tim Stewart who is located at 6501 Forte Road, West Point, Troup County, Georgia 31833.

3.

The jurisdiction of this Court is invoked pursuant to its federal question jurisdiction provisions contained in 28 U.S.C. § 1331, and the jurisdictional provisions set forth in 42 U.S.C. § 2000(e)-5, which are incorporated by reference into the ADA at 42 U.S.C. § 12117 (a) and 29 U.S.C. §1132 (f) of ERISA.

4.

Venue is proper in this action because the unlawful employment practices occurred in this District and Division.

5.

Mr. Jung filed a charge of discrimination with the Equal Employment Opportunity Commission on December 4, 2020, alleging that he was discriminated against because of his disability (Cancer) and age, at that time 65 years old. In

addition, the text of his EEOC charge alleges that he contends that he was terminated in retaliation for his complaints of age discrimination and FMLA interference.

6.

A Notice of Right to Sue was issued by EEOC on or about May 24, 2022. That Notice of Right to Sue provided that a lawsuit could be filed against Defendant within ninety (90) days of its issuance. This lawsuit is being filed on a timely basis.

## FACTUAL BACKGROUND

A. **Mr. Jung's Disability and Outstanding Performance at Hyundai Steel**

7.

Mr. Jung began working for Defendant in January of 2008. Defendant is the provider of sheet metal for Hyundai and KIA motors manufacturing. His initial job was Site Supervisor in Montgomery, Alabama. After about a year, he transferred to Defendant's location in West Point, Georgia, where his job title was Georgia Branch Manager. At all times, he performed his job well.

8.

In October of 2018, Mr. Jung was not feeling well, and his doctor advised him to get additional testing to determine a diagnosis. Mr. Jung informed his Human Resource Manager (Tim Stewart), as well as his supervisor/HOD (B.S. Shin), that he was having a medical diagnostic testing completed. Shortly thereafter, the Chief Financial Officer, Y. J. Ahn, told him that it was probably time for him to retire. At

that time, Mr. Jung was 64 years old. He told Mr. Ahn that he did not want to retire. Additionally, with the uncertainty about his medical issues, he needed his health insurance.

9.

Two months later, in December 2018, Mr. Ahn sent a Korean language document to Mr. Jung. (Mr. Ahn and he are both of Korean descent and they both speak Korean). Translated, the document was a "Fulfillment Confirmation," stating that Mr. Jung had completed his work with Defendant and had agreed that his job (and his employment) must end. Mr. Ahn wanted Mr. Mr. Jung to sign the document, but Mr. Jung told Mr. Ahn again that he enjoyed his work and did not want to retire. He also again reminded Mr. Ahn about his need for health insurance. Mr. Jung did not sign the document.

10.

One month later, in January 2019, Mr. Jung was diagnosed with liver cancer. As he worked with his doctors to coordinate and schedule a treatment plan, Mr. Jung informed Stewart, B.S. Shin and Y.J. Ahn of his diagnosis and the fact that he would likely need to take time off in the future. In May of 2019, Mr. Jung applied for and was granted leave under the FMLA.

11.

In July of 2019, Mr. Jung returned from his FMLA leave. At that time, he was not returned to his former or similar position; rather, he learned that J.H. Park

had taken over his job as Georgia Branch Manager. He was not given a job title. Instead, in his unclear position following his return from FMLA leave, he did small projects for various other employees and managers. In this unclear position, he had less authority and, although he retained the same salary, based on the reduced duties and responsibilities, the new job was a demotion. He asked Defendant why Park was put in his place permanently, but no one would give him an answer. He also asked if he could return to the job of Georgia Branch Manager, but Defendant said no.

12.

In September of 2019, Stewart emailed Mr. Jung and said for the first time that he had exceeded his FMLA time, and any future absences would potentially result in disciplinary action. Stewart also said that he was not performing his duties as required by Hyundai Steel. Stewart said that his poor performance included, but was not limited to, leaving the facility for periods of time throughout the day without cause and neglecting his obligations. His email went on to say that he could be subject to corrective action, up to termination, if his performance did not improve.

13.

He was shocked to receive that email. He turned in all his doctors' notes about FMLA leave and medical absences. He had never been told anything was wrong with that or that his attendance or leaves were in anyway excessive. Further, he had never been told that there were any problems with his job performance. He had

never been placed on a performance improvement plan or disciplined for performance issues, and he received annual pay increases. When he tried to get more information from Stewart about these alleged performance issues, he did not say anything.

14.

Nonetheless, because he needed his salary and health insurance, Mr. Jung continued to do his job. Over the next year, he had regular followed up appointments related to his cancer diagnosis and treatment. All his appointments were communicated and approved in advance with his upper managers. Mr. Ahn was replaced during this time by a younger Korean male, K. J. Lee. The CEO at the time is now H.S. Kim and the new senior manager of sales and procurement department is J. Y. Huh.

15.

In September 2020, Stewart asked Mr. Jung to meet him in his office. When Mr. Jung arrived, Stewart handed him a Severance Agreement. Stewart said that Stewart wanted him to sign. Mr. Jung was surprised. He asked why, but Stewart did not say anything. Mr. Jung asked for some time to think about it. Some days later, Mr. Jung emailed Stewart and explained that he did not want to retire. Mr. Jung thought Defendant was trying to force him to leave because of his age. Mr. Jung also complained again about how Defendant handled his FMLA and return to work after his FMLA. He asked him to explain why Defendant was treating him

this way. Stewart did not email Mr. Jung back. Instead, he went to his office on September 30, 2020 (a couple of days after his email to Stewart) and asked him to return his office key and cell phone. Then Stewart said he needed to leave the office. Mr. Jung complied.

16.

According to the separation notice filled out by Respondent, Mr. Jung was terminated for lack of work. Hyundai's stated reason for his termination is pretextual and not factually true. Most of the client companies' plants were running 3 full shifts at that time and there was plenty of work. Mr. Jung alleges that the real reason he was terminated was discriminatory and based on his age, his disability and in retaliation for his complaining about the Company trying to force him out due to his age, disability and the cost of the medical claims to Hyundai. He contends that Defendant discriminated against him based on his age. He also contends Defendant discriminated against him based on his disability, his record of a disability and Defendant's perception of him as a person with a disability. Because he complained about discriminatory treatment prior to his termination, he further contends his termination was in retaliation for his complaints about age discrimination and the unfair treatment which he received when he returned from FMLA leave.

## COUNT I –
## TERMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

17.

Paragraphs 1 through 16 are expressly incorporated herein by reference.

18.

Plaintiff was terminated in his employment with Hyundai in Sept 2020 because of his age. His superiors had suggested to him that because of his age (64 years old), that he should retire from Hyundai.

19.

The Plaintiff repeatedly told his superiors that he did not want to retire, and because of his cancer diagnosis, that he needed health insurance and to continue working.

20.

Despite his performance, on September 30, 2020, several days after he complained that he believed that he was being forced out because of his age, Human Resource Manager Tim Stewart fired him and told him to return his office keys, cell phone and to leave the office. Plaintiff had no choice but to comply. Plaintiff's termination ws willful within the meaning of the ADEA.

21.

Plaintiff was terminated from his employment with Hyundai because of his age, and requests that he be awarded back pay, front pay, liquidated damages, all

available equitable relief and his costs and attorney's fees associated with this proceeding because of the discrimination by Hyundai.

## COUNT II –
## TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (DISCRIMINATION, HAVING A RECORD OF A DISABILITY AND REGARDED AS BEING DISABLED)

22.

Paragraphs 1 through 21 are expressly incorporated herein by reference.

23.

In January 2019, Plaintiff was diagnosed with liver cancer.  He worked with his doctors and in May 2019, he applied for and was granted leave under the FMLA based on his cancer diagnosis.

24.

In July 2019, when Plaintiff returned from FMLA leave, he was not reinstated into his former job, but was told that J.H. Park had taken over his job as Georgia Branch Manager.  He was not told what his new job title was, was assigned various small projects and given less authority (albeit the same salary), that he had prior to taking FMLA leave.

25.

Plaintiff was discriminated against because of his disability when he was not returned to his former position in July 2019 and, further, was discriminated against because of his disability when he was terminated in September 2020.

26.

Plaintiff was a qualified individual under the Americans with Disabilities Act and suffered from an impairment of major life functions of eating, sleeping and the major bodily functions of normal cell growth and the endocrine systems.

27.

Defendant discriminated against him based on the perception of his superiors at Hyundai that he was disabled, as evidenced by their request that he retire after he told them of his cancer diagnosis.

28.

Defendant also discriminated against Jung because he had a record of a disability and was treated by Hyundai as thought he was disabled by Hyundai.

29.

As a result of the disability discrimination by Hyundai, Jung requests that he be awarded back pay, front pay, compensatory and punitive damages, all available equitable relief and his costs and attorney's fees associated with this proceeding because the disability discrimination by Hyundai.

### COUNT III –
### TERMINATION IN VIOLATION OF THE RETALIATION PROVISIONS OF THE AGE DISCRIMINATION ACT AND THE AMERICANS WITH DISABILITIES ACT

30.

Paragraphs 1 through 29 are expressly incorporated herein by reference.

31.

In the latter part of September 2020, after Plaintiff was given a severance agreement to sign (which he did not sign because he wanted to continue to work) Plaintiff complained to Tim Stewart, Human Resource Manger that he thought that Hyundai was trying to force him out because of his age and further, complained about how Hyundai handled his FMLA and return to work after FLMA in September 2019.  Stewart did not respond or provide an explanation.

32.

On Sept 30, 2020, Stewart came to Jung's office and fired him.  Jung was asked to return his office keys, cell phone and to leave the office at that time.  Jung complied. Hyundai willfully retaliated against Jung based on his complaints of disability discrimination.

33.

Jung was retaliated against in response to his complaint in late Sept 2020 that he believed that he was being forced out because of his age and further, that he was treated unfairly regarding his FMLA leave based on his disability and return to work following his FMLA leave in Sept. 2019.

34.

As a result of the retaliation by Hyundai, Plaintiff requests that he be awarded back pay, front pay, liquidated damaages, all equitable relief and his costs in

attorney's fees associated with this proceeding because of the discrimination by Hyundai.

## COUNT IV –
## TERMINATION IN VIOLATION OF THE RETALIATION PROVISIONS OF THE AMERICANS WITH DISABILITIES ACT

35.

Paragraphs 1 through 34 are expressly incorporated herein by reference.

36.

In the latter part of September 2020, after Plaintiff was given a severance agreement to sign (which he did not sign because he wanted to continue to work) Plaintiff complained to Tim Stewart, Human Resource Manger that he thought that Hyundai was trying to force him out because of his age and further, complained about how Hyundai handled his FMLA and return to work after FMLA in September 2019.  Stewart did not respond or provide an explanation.

37.

On Sept 30, 2020, Stewart came to Jung's office and fired him.  Jung was asked to return his office keys, cell phone and to leave the office at that time.  Jung complied.

38.

Jung was retaliated against in response to his complaint in late Sept 2020 that he believed that he was being forced out because of his age and further, that he was

treated unfairly regarding his FMLA leave based on his disability and return to work following his FMLA leave in Sept. 2019.

39.

As a result of the retaliation by Hyundai, Plaintiff requests that he be awarded back pay, front pay, compensatory and punitive damages, all equitable relief and his costs in attorney's fees associated with this proceeding because of the discrimination by Hyundai.

## COUNT V –
## TERMINATION IN VIOLATION OF SECTION 510 OF THE EMPLOYEE RETIREMENT INCOME SECURITIES ACT (ERISA)

40.

Paragraphs 1 through 39 are expressly incorporated herein by reference.

41.

Plaintiff's diagnosis of liver cancer in January 2019 substantially increased the amount of the medical claims submitted by Plaintiff, through and continuing the date of his termination of Sept 2020.

42.

Based on Hyundai's repeated efforts to persuade Plaintiff that he should retire, that he should leave the company voluntarily even if he did not retire, and finally to terminate him based on "job elimination," when the job duties never went away and were performed by another employee, demonstrates that Hyundai was motivated to

end Plaintiff's employment because of the excessive cost of medical insurance because of Plaintiff's liver cancer.

43.

As a result of the termination of Plaintiff, Hyundai because of the cost of medical insurance claim, Plaintiff requests that he be awarded all reasonable and equitable relief, including his costs in attorney's fees, to which he is entitled under ERISA.

## COUNT VI –
## RETALIATION FOR COMPLAINTS BY PLAINTIFF FOR HYUNDAI'S FAILURE TO COMPLY WITH IT REINSTATEMENT OBLIGATIONS UNDER THE FAMILY MEDIAL LEAVE ACT (FMLA)

Paragraphs 1 through 43 are expressly incorporated herein by reference.

44.

Plaintiff took FMLA leave from May through July 2019. When he returned, he initially complained that Hyundai violated the FMLA because he was not reinstated into his former position and was given inferior assignments, as compared to the duties he had at the time of the FMLA leave. Plaintiff was essentially demoted to an inferior position when he returned from FMLA leave. Hyundai ignored that complaint.

45.

In September 2020, when he was offered a severance package by Human Resource manager Tim Stewart, Plaintiff again complained to Stewart, among other

things, about the poor treatment he received when returning from FMLA leave over a year earlier in July 2019. Within several weeks, Stewart fired Plaintiff with no explanation.

46.

Hyundai's firing of Plaintiff on September 30, 2020 was willful and in retaliation for his complaints about his demotion upon his return from FMLA leave in July 2019.

47.

As a result of the retaliation by Hyundai, Plaintiff requests that he be awarded back pay, front pay, liquidated damages and all equitable relief and his costs in attorney's fees associated with this proceeding because of the FMLA retaliation by Hyundai.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff Eugene Jung prays for the following relief in this matter:

(a) That Mr. Jung be awarded all relief available under the ADEA for discrimination and retaliation, including back pay, reinstatement or alternatively front pay, liquidated damages equitable relief, costs of this matter and attorneys' fees.

(b) That Mr. Jung be awarded all relief available under the ADA for discrimination and retaliation, including back pay,

reinstatement or alternatively front pay, compensatory and punitive damages and equitable relief, costs of this matter and attorneys' fees.

(c) That Mr. Jung be provided medical insurance which was improperly taken from him in violation of Section 510 of ERISA and all other legal and equitable relief, including costs and attorney's fees, to which he would be entitled under ERISA.

(d) That Mr. Jung be provided all relief available to him under the FMLA for the retaliatory discharge in violation of the FMLA, including back pay and front pay, liquidated damages and all other legal and equitable relief, including costs and attorney's fees, to which he would be entitled under FMLA.

(e) That Mr. Jung be granted a trial by jury as to all issues.

(f) That Mr. Jung be granted injunctive and declaratory relief as appropriate; and

(g) That the Court grant Mr. Jung any and all other relief to which he may be entitled.

This 19th day of August, 2022.

                    Respectfully submitted,

                    By: */s/ Gary R. Kessler*
                        Gary R. Kessler
                        Georgia Bar No. 416562
                        Attorney for Plaintiff

2573 Apple Valley Road NE
Atlanta, Georgia 30319
404-909-8200 (office)
gkessler@martensonlaw.com